UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA MARIE MAJEWSKA,

        Petitioner,               Case No. 22-10184

v.                             HON. MARK A. GOLDSMITH

JEREMY HOWARD,

        Respondent.
_____/

**OPINION & ORDER**
**(1) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) ADMINISTRATIVELY CLOSING THE CASE**

Sylvia Marie Majewska (Petitioner), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her pro se application, Petitioner challenges her convictions for two counts of second-degree murder, Mich. Comp. L. § 750.317.

The petition contains claims that have yet to be exhausted with the state courts. In lieu of dismissing the petition without prejudice, the Court holds the petition in abeyance and stays the proceedings under the terms outlined below to permit Petitioner to exhaust her claims in the state courts. If Petitioner fails to exhaust her claims in the state courts according to the terms outlined below, the petition shall be dismissed without prejudice. The Court also administratively closes the case.

**I. BACKGROUND**

Petitioner was originally charged with two counts of first-degree murder. Petitioner notes that she was referred to the Center for Forensic Psychiatry, which initially found her incompetent

to stand trial. Petitioner spent roughly a year at the Forensic Center receiving treatment before being made competent to stand trial.

After being found competent to stand trial, Petitioner pleaded nolo contendere to two counts of the lesser included offense of second-degree murder with a sentence agreement that the minimum sentence would be 25 years' imprisonment. Petitioner was sentenced to 25–50 years' imprisonment.

Petitioner states that she requested to appeal her conviction within the six-month period under Michigan Court Rule 7.205 for filing an appeal following sentencing but that she did not request the appointment of appellate counsel within that period. Pet. at PageID.14, 30 (Dkt. 1). Petitioner states that she did not understand the appeal process because she has several mental impairments, including memory loss; has attempted suicide; and had suffered a heart attack and several strokes. Petitioner also claims that she became mentally incompetent again while in prison because of these various conditions, which made it impossible for her to timely request the appointment of appellate counsel.

Appellate counsel was ultimately appointed to represent Petitioner. Rather than file an application for leave to appeal to the Michigan Court of Appeals, which Petitioner implies counsel should have done, counsel filed with the trial court a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500 et seq. Petitioner argues that, alternatively, counsel should have moved for reissuance of the judgment pursuant to Michigan Court Rule 6.428 to restore Petitioner's right to file a direct appeal. In the motion for relief from judgment, counsel argued that the trial judge improperly engaged in plea negotiations with the prosecutor and the defense. Appellate counsel did not raise the issue of Petitioner's incompetence to understand the appellate process or seek to have the court reissue judgment pursuant to Michigan Court Rule

2

6.428 so that Petitioner could have her direct appeal reinstated. The trial judge denied the motion for relief from judgment. People v. Majewska, No. 16-257837-FC (Oakland Cnty. Cir. Ct. Nov. 12, 2020). The Michigan appellate courts denied leave to appeal. People v. Majewska, No. 355555, (Mich. Ct. App. Mar. 3, 2021); People v. Majewska, 965 N.W.2d 513 (Mich. 2021).

Petitioner then filed the petition for writ of habeas corpus on January 18, 2022.[1] Petitioner seeks habeas relief on the following grounds: (i) the trial judge improperly participated in plea negotiations with the parties; (ii) Petitioner lost her right to file a direct appeal because her mental incompetency prevented her from understanding the appeal process so that she could request the appointment of appellate counsel within the time period for filing an appeal; (iii) appellate/post-conviction counsel was ineffective for filing a post-conviction motion in the trial court instead of filing an application for leave to appeal to the Michigan Court of Appeals and/or for failing to file a motion for reissuance of the judgment based on Petitioner's mental incompetency so that Petitioner could file a direct appeal from her conviction.

## II. ANALYSIS

The habeas petition is subject to dismissal because Petitioner has failed to exhaust several of her claims with the state courts. A state prisoner seeking federal habeas relief generally must first exhaust his or her available state-court remedies before raising a claim in federal court. 28 U.S.C. §§ 2254(b), (c); Picard v. Connor, 404 U. S. 270, 275–278 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich.

---

[1] Under the prison mailbox rule, the Court will presume that Petitioner actually filed her habeas petition on January 18, 2022, which is the date that it was signed and dated. See Towns v. United States, 190 F. 3d 468, 469 (6th Cir. 1999).

3

1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, a federal court must review each claim for exhaustion before it may review any claim on the merits. Id. Federal district courts must dismiss "mixed" habeas petitions that contain both exhausted and unexhausted claims. Pliler v. Ford, 542 U.S. 225, 230 (2004). A habeas petitioner has the burden of proving that he or she has exhausted his or her state-court remedies. Sitto v. Bock, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner argues that appellate or post-conviction counsel was ineffective for failing to file a motion for the trial judge to reissue judgment pursuant to Michigan Court Rule 6.428 on the ground that Petitioner's mental incompetency prevented her from understanding the appellate process so that she could file a timely appeal. Petitioner also states that she was denied her right to appeal because her mental incompetency prevented her from understanding the appellate process so that she could timely request the appointment of appellate counsel to assist her with her direct appeal. Although Petitioner's contention is unclear, it appears that she argues that counsel was ineffective for filing a post-conviction motion for relief from judgment with the trial court, rather than file an appeal with the Michigan Court of Appeals. The only claim raised by counsel in the motion for relief from judgment was a claim that the trial judge improperly participated in plea negotiations.

A habeas petitioner is required to exhaust with the state courts a claim that he or she was denied his or her right to appeal. See Williams v. Marshall, 628 F. 2d 934, 935 (6th Cir. 1980). Any claim of ineffective assistance of appellate counsel is also subject to the exhaustion requirement. See Baldwin v. Reese, 541 U.S. 27, 30–33 (2004).

4

The Court is aware that Petitioner has already filed one motion for relief from judgment. Pursuant to Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. See Banks v. Jackson, 149 F. App'x. 414, 418 (6th Cir. 2005). However, Petitioner's case is different from most other defendants in Michigan who seek post-conviction relief after a direct appeal. Petitioner lost her appeal because she did not file an application for leave to appeal within six months of the judgment, as required by Michigan Court Rule 7.205. Under Michigan law, when the time limitation for filing an application for leave to appeal has expired, a defendant's criminal conviction is reviewable only under Michigan Court Rule 6.500 et. seq. See People v. Caston, 579 N.W. 2d 368 (Mich. Ct. App. 1998). Petitioner, however, is claiming that she lost her right to file a direct appeal because she was mentally incompetent during the time for filing an appeal and did not understand how to timely request an appeal. Petitioner also claims that counsel appointed to represent her was ineffective for filing a post-conviction motion in the state court rather than attempting to file a direct appeal, or that counsel was ineffective for failing to move for reissuance of the judgment due to petitioner's mental incompetency so that she could regain her right to appeal.

Petitioner has a potential state-court remedy to restore her appellate rights. Michigan Court Rule 6.428 states the following:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

M.C.R. 6.428. Petitioner can seek to restore her right to appeal by filing a motion to reissue judgment through Michigan Court Rule 6.428. See McMullan v. Jones, No. 05-70807-DT, 2006

5

WL 1134364, at * 2 (E.D. Mich. Apr. 27, 2006). Petitioner can also appeal to the state appellate courts the denial of a motion to reissue judgment. See People v. Williams, 836 N.W.2d 687 (Mich. 2013).

The Court is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). The United States Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state-court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005). A federal court may hold a habeas petition in abeyance while a petitioner seeks reissuance of the judgment pursuant to Michigan Court Rule 6.428 to restore his or her right to appeal. See McMullan, 2006 WL 1134364, at * 2.

When a federal district court determines that a stay is appropriate pending exhaustion of state-court remedies, it "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting her state-court remedies, the Court imposes upon Petitioner time limits within which she must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).

Within 60 days of receipt of this Order, Petitioner must present her claims in state court by filing with the state trial court a motion for reissuance of judgment pursuant to Michigan Court

6

Rule 6.428. Petitioner must ask this Court to lift the stay within 60 days of exhausting her state-court remedies. "If [the] condition[s] of the stay [are] not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F. 3d at 781 (punctuation modified).

### III. CONCLUSION

Accordingly, within 60 days of receipt of this Order, Petitioner may file with the state trial court a motion for reissuance of judgment pursuant to Michigan Court Rule 6.428. If Petitioner fails to file a motion with the state trial court by that date, the Court will dismiss the present petition without prejudice.

If Petitioner files a motion with the state trial court to have her direct appeal reinstated, she shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending Petitioner's exhaustion of the claims in the state trial and appellate courts. Petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. At that time, Petitioner may file an amended habeas petition that contains any newly exhausted claims.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See Sitto 207 F. Supp. 2d at 677.

It is further ordered that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk of Court to reopen this case for statistical purposes.

SO ORDERED.

Dated: April 14, 2022                                s/Mark A. Goldsmith
       Detroit, Michigan                      MARK A. GOLDSMITH
                                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2022.

                                                                  s/Karri Sandusky
                                                                  KARRI SANDUSKY
                                                                  Case Manager